# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHRISTOPHER KEOGH and
CASEY ADT,

      Plaintiff,

vs.

TARPON POINTE MARINA, LLC,

      Defendant.

_____/

Case No.:

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs' Christopher Keogh and Casey Adt (hereinafter collectively referred to as "Plaintiffs") sues the above Defendant, TARPON POINTE MARINA, LLC, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as the "FLSA") and Florida common law, and allege as follows.

### INTRODUCTION

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were meant to combat "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. §207.

2. Plaintiffs bring this lawsuit for violation of federal and Florida wage and hour laws.

3. Pursuant to policy and plan, Defendant violated the FLSA by willfully and knowingly failing to pay Plaintiffs their overtime wages.

4. Accordingly, Plaintiffs were not compensated at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

5. An employee's overtime rate is calculated by multiplying the employee's regular rate of pay by 1.5 for purposes of overtime computation, and an employee's regular rate of pay includes any bonuses received.

6. Defendant's failure to pay Plaintiffs overtime compensation at a rate not less than one and one-half times their regular rate of pay for all hours of work performed beyond the forty (40) hour workweek is a violation of the FLSA, in particular 29 U.S.C. §207.

7. Further, pursuant to policy and plan, Defendant knowingly and willfully failed or refused to pay Plaintiffs any wages whatsoever for hours worked over forty (40) each workweek.

8. As a result of Defendant's failure to pay Plaintiffs any wages for all hours worked over forty (40) per week, Defendant has also violated the FLSA's minimum wage provisions, 29 U.S.C. § 206, and Florida common law.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §1331, 29 U.S.C. §§216(b), and 217, because this action involves a federal question under the FLSA.

10. This Court has original and personal jurisdiction over this action because the Defendant is engaged in business within the State of Florida, and the action complained of occurred in Florida.

11. Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because the Defendant owns and operates facilities in Manatee County, Florida, and the unlawful conduct occurred within the Tampa Division of this Court.

## THE PARTIES

12. **CHRISTOPHER KEOGH ("Plaintiff Keogh").** At all times relevant to this action, Plaintiff Keogh resided in the State of Florida.

13. Plaintiff Keogh was employed by Defendant from approximately May 2020 to February 2022 as a dock master, working at Defendant's Marina located at 215 8th Street East, Bradenton, Florida 34208.

14. **CASEY ADT "Plaintiff Adt").** At all times relevant to this action, Plaintiff Adt resided in the State of Florida.

15. Plaintiff Adt was employed by Defendant as a dock hand from approximately January 2021 to January 2022, working at Defendant's Marina located at 215 8th Street East, Bradenton, Florida 34208.

16. **Defendant,** TARPON POINTE MARINA, LLC, is a Florida Limited Liability Company with its principal place of business located at 215 8th Street East, Bradenton, Florida 34208.

## FLSA COVERAGE

17. At all material times, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d).

18. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA because it had employees engaged in commerce.

19. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

20. At all material times, Plaintiffs were employees of Defendant, in accordance with the FLSA.

## GENERAL ALLEGATIONS

21. Defendant employed Plaintiff Keogh as a dock master.

22. As a dock master, Plaintiff Keogh assisted in taking boats in and out of the marina, performed maintenance on marina facilities, and serviced boats.

23. Defendant employed Plaintiff Adt as a dock hand.

24. As a dock hand, Plaintiff Adt's duties consisted of fueling boats, taking boats in and out of the marina, assisting customers with their boats, and service on boats.

25. Defendant routinely suffered or permitted Plaintiffs to work in excess of forty (40) hours per week.

26. Pursuant to Defendant's policy and plan, at the end of each workweek, Defendant would manually adjust Plaintiffs hours down to a flat forty (40) per week, even though they had actually worked in excess of forty hours.

27. A natural consequence of Defendant's fraudulent adjustment of Plaintiffs hours was that Plaintiffs were paid no compensation whatsoever for all hours worked over forty (40) each workweek.

28. The FLSA provides that, with certain exceptions, employers must pay their employees overtime of at least one and one-half times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. §27(a)(1). The Act exempts certain employees from the overtime requirements. However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies" *see Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).

29. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this matter.

30. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for all hours worked in excess of forty (40) hours per week.

31. Further, the FLSA requires Defendant to pay each of their employees at least the federally mandated minimum wage.

32. Further evidence reflecting the precise number of hours worked per week by Plaintiffs, as well as the applicable compensation rates, is in the possession of Defendant. If these records become unavailable, Plaintiffs may establish the hours they worked solely by their testimony, and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

33. Defendant knew or should have known that its policies and practices violated the FLSA, and Defendant has not made a good faith attempt to comply with the FLSA.

34. Because Defendant's FLSA violations were knowing and willful, Plaintiffs are entitled to a three year statute of limitations.

35. Plaintiffs have hired the undersigned counsel and agreed to pay them a reasonable fee.

## COUNT I: UNPAID MINIMUM WAGES UNDER THE FLSA

36. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-35 above into this Count, as if fully set out herein.

37. The FLSA, 29 U.S.C. § 206, requires employers to pay all employees at least the legally prescribed minimum wage for each hour worked.

38. At all relevant times, Plaintiffs were individuals engaged in interstate commerce, and thus were covered by the FLSA.

39. Defendant failed to pay Plaintiff any minimum wages whatsoever for all hours worked over forty (40) each workweek during the statutory period.

40. Defendant's unlawful conduct, as described in this Complaint, was willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

41. As a result of Defendant's intentional and willful violations of the FLSA, Plaintiffs have suffered damages, and are entitled to all unpaid minimum wages, an equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs.

## COUNT II: UNPAID OVERTIME WAGES UNDER THE FLSA

42. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-35 above into this Count, as if fully set out herein.

43. The FLSA requires all employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

44. As described in the preceding paragraphs, Defendant suffered or permitted Plaintiffs to work overtime hours during the statutory period without any compensation whatsoever, including overtime compensation.

45. Plaintiffs are not exempt from the overtime requirements of the FLSA.

46. Defendant's actions, policies and practices as described herein violate the FLSA's overtime requirement.

47. Defendant's violations of the FLSA's overtime requirements were willful and intentional.

48. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered damages, and are entitled to all unpaid overtime wages, an equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs.

## COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW

49. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-35 above into this Count, as if fully set out herein.

50. During the statutory period, Plaintiffs were employed by Defendant within the meaning of Chapter 448, Florida Statutes.

51. During the statutory period, Defendant suffered or permitted Plaintiffs to work at their marina.

52. Defendant failed to pay Plaintiffs any wages whatsoever for all hours worked over forty (40) each workweek.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered damages and are entitled to all unpaid wages due, prejudgment interest, and reasonable attorneys' fees and costs incurred in bringing this action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, and on all other issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant and for the damages listed in each Count herein, including unpaid minimum wages, unpaid overtime wages, unpaid wages, liquidated damages, prejudgment interest, attorneys' fees and costs incurred in bringing this action, and all other relief that this Court deems just and appropriate.

DATED this 8th day of June, 2023.

*/s/: Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
nick@buckmanandbuckman.com

*/s/: Y. Drake Buckman, II*
Y. Drake Buckman, II, Esq.
Florida Bar Number: 0137634
attorney@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Boulevard
Sarasota, FL  34231
Telephone: (941) 923-7700
Fax: (941) 923-7736

*Attorneys for Plaintiffs*